(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-1965 C

James G. Malloy and Donna M. Malloy, Plaintiff(s)

v.

WM Specialty Mortgage LLC, Ameriquest Mortgage Company, Daniel J Nigro, and Transamerica Financial Services, Inc., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Laird J. Heal, Esq., plaintiff's attorney, whose address is 3 Clinton Rd. P.O. Box 1425, Sterling, MA 01564, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lawrence, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Barbara J. Rouse, Esquire, at Salem, the
day of                    , in the year of our Lord two thousand

Thomas H. Driscoll Jr.
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT

ESSEX, SS.                                                                Docket No. _____

JAMES G. MALLOY and                      )
DONNA M. MALLOY                          )   COMPLAINT
                                         )   FOR MONEY
                                         )   DAMAGES,
v.                                       )   RELEASE OF
                                         )   MORTGAGE
WM SPECIALTY MORTGAGE LLC                )   AND INJUNCTIVE
                                         )   RELIEF
AMERIQUEST MORTGAGE COMPANY              )
                                         )
DANIEL J. NIGRO, ESQ.                    )
                                         )
and                                      )
                                         )
TRANSAMERICA FINANCIAL                   )
SERVICES, INC.                           )
                                         )

NOW COMES James G. Malloy and Donna M. Malloy and offer the following as their COMPLAINT against the Defendants Ameriquest Mortgage Company, Daniel J. Nigro and Transamerica Financial Services, Inc.

## PARTIES

1. Plaintiffs JAMES G. MALLOY and DONNA M. MALLOY reside at 73 Lowell Street, Methuen, MA, Essex County, Massachusetts 01844.

2. Defendent WM Specialty Mortgage LLC. has a current business address of 1201 3rd Ave., WMT1706, Seattle, WA 98101.

3. Defendant AMERIQUEST MORTGAGE COMPANY is a mortgage company organized under the laws of California with a principal place of business at 1100 Town & Country Rd., 2nd FL.,Orange, CA 92868. The Registered Agent in the Commonwealth is NATIONAL REGISTERED AGENTS, INC., 303 Congress Street, 2nd Floor, Boston, MA 02110

4. Defendant DANIEL J. NIGRO has a current business address of 304 Turnpike Road, Southborough MA 01772.

1 of 8

5. Defendant TRANSUNION LLC. has a current business address of 555 West Adams, Chicago, IL 60661. The registered agent in the Commonwealth is THE PRENTICE-HALL CORPORATION SYSTEM, INC., 84 State Street, Boston, MA 02109.

## FACTUAL BASIS

6. Plaintiffs James G. Malloy and Donna M. Malloy are owners of a home in Methuen, Essex County, Massachusetts, with an address of 73 Lowell Street, Methuen, MA 01844. See Exhibit 1.

7. The plaintiffs' son, James E. Malloy, filed for Chapter 7 Bankruptcy protection in the United States Bankruptcy Court in Worcester, Massachusetts, Case No. 04-43535, filed May 4, 2004. See Exhibit 2.

8. The plaintiffs' son does not have the same Social Security Number as his father, plaintiff James G. Malloy, nor are the final four digits of the respective Social Security Numbers identical or even similar. Neither does the plaintiffs' son have the same name as his father, as they have different middle names and different middle initials. However, the plaintiffs' son did give the same address as his father as his address for the Chapter 7 Bankruptcy case.

9. Defendant TransUnion, LLC. indicated that plaintiff James G. Malloy had filed for bankruptcy.

10. This impaired the ability of plaintiff James G. Malloy to obtain credit. When he sought to obtain refinancing of his home and to purchase real estate in Florida to begin his retirement planning, he was unable to, and the mortgage was taken out in a lower amount in the name of his wife, plaintiff Donna M. Malloy. The credit previously extended by Orchard Bank Mastercard to plaintiff James G. Malloy was cancelled despite having a large credit balance.

11. Defendant Ameriquest Mortgage Company was the lender for the later refinancing of the plaintiffs' home, with a loan taken out on or about October 24, 2005.

12. The rate on this loan was higher than would have been justified by the credit score of plaintiff Donna M. Malloy. In fact the credit score of James G. Malloy was used, despite its wrongful inclusion of a bankruptcy filing, and that the loan was being given to plaintiff Donna M. Malloy.

13. Despite the letters sent to the major credit bureaus plaintiff James G. Malloy was unable to obtain a copy of his credit reports so that he could be sure they did not wrongfully indicate he had sought bankruptcy protection from creditors or even to get

them corrected so that the mistaken entry was corrected. He was finally able to obtain that of defendant TransUnion, LLC. See Exhibit 3.

14. In May, 2005, plaintiff James G. Malloy travelled to the United States Bankruptcy Court in Worcester, Massachusetts, and personally requested that a search be made of any bankruptcy filings he might have made, per the requirements of the Court. He sent the credit bureaus, Certified Mail, Return Receipt Requested, the results of the Application For Search Of Bankruptcy Records, dated May 23, 2005. See Exhibit 4.

15. Defendant TransUnion, LLC., thereupon amended the credit report being sent to creditors upon request and sent plaintiff James G. Malloy a letter indicating: "CHAPTER 7 BANKRUPTCY DISCHARGED DOCKET #442535 DELETED". See Exhibit 5.

COUNT ONE - VIOLATION OF FAIR CREDIT REPORTING ACT BY DEFENDANT TRANSUNION, LLC.

16. The plaintiffs repeat and reallege paragraphs 1 through 12 above.

17. Defendant TransUnion, LLC., is in the business of providing credit reports to business engaged in offering and extending credit to consumers.

18. Defendant TransUnion, LLC., has a duty to report accurately this information and to correct mistakes when reported.

19. Defendant TransUnion, LLC., both failed to report this information accurately, by mistakenly listing plaintiff James G. Malloy as having been involved in a Chapter 7 bankruptcy proceeding, and failed to correct their mistake in a timely manner, by failing to investigate and requiring plaintiff James G. Malloy to obtain official certification of the Bankruptcy Court that he had never been a party before them before finally correcting the mistaken TransUnion credit report that had harmed plaintiff James G. Malloy.

20. But for the error of TransUnion, LLC, plaintiffs James G. Malloy and Donna M. Malloy could have obtained a loan at 4.5% with a projected interest cost, over the life of the loan, of $145,015.21.

21. Because of the error of TransUnion, the actual projected interest cost of the loan obtained by plaintiffs James G. Malloy and Donna M. Malloy at 9.5% was $356,714.55.

22. Plaintiffs James G. Malloy and Donna M. Malloy suffered harm in that the credit reporting error caused them to have to accept a higher interest rate than if their credit scores had been accurately reported..

23. The damages suffered by plaintiffs James G. Malloy and Donna M. Malloy amount to at least $211,699.34.

24. WHEREFORE, the plaintiffs ask this Honorable Cout award them the sum of $211,699.34 plus their costs of maintaining this action, as against defendant TransUnion, LLC.

COUNT TWO - FRAUD BY DEFENDANT AMERIQUEST MORTGAGE COMPANY

25. The plaintiffs repeat and reallege the allegations of paragraphs 1 through 18 above.

26. The stated interest rate for their home mortgage loan was 10.5 percent per annum.

27. Out of the loan proceeds the plaintiffs were to be paid $26,532.25 directly and, *inter alia*, debts in their name in the amounts of $921.00, $2,700.00 and $330.00 were to be paid. See Exhibit 6.

28. The plaintiffs received only a check in the amount of $19,614.97. The plaintiffs have no direct information on the other payments listed in the preceding paragraph, but the creditor for the debt in the amount of $330.00 does not not report that this sum was paid and is still demanding payment. See Exhibit 7

29. Defendant Ameriquest Mortgage Company has filed for foreclosure under the name of WM Specialty Mortgages LLC but has not given an amount owed.

30. As of this day, the plaintiffs still remain to be paid by defendant Ameriquest Mortgage Company in the amount of at least $7,247.28.

31. The plaintiffs relied on the plaintiff's representation of payment from the loan proceeds, and the plaintiff, in maintaining this action of foreclosure, works a fraud of their own perpetration.

32. Defendant Ameriquest Mortgage Company has caused the plaintiffs' names to be published as persons whose home was about to be sold at foreclosure sale. This public ridicule has led to their emotional distress.

33. WHEREFORE, the plaintiffs ask this Honorable Court award them the shortfall of loan proceeds never paid them, their consequential losses due to the stigma of being known in the community as , attorney fees paid both in this and other actions, and any other relief the court should deem proper

COUNT THREE: VIOLATION OF GENERAL LAWS CHAPTER 183 SECTION 63B

34. The plaintiffs repeat and reallege their allegations made in paragraphs 1 through 28 above.

35. The defendant Ameriquest Mortgage Company or their agents recorded the mortgage given by the plaintiffs before the full proceeds of the mortgage loan were paid as required by G. L. ch. 183 § 63B.

36. The defendants Ameriquest Mortgage Company and Daniel J. Nigro intentionally failed to pay the full proceeds of the mortgage before recording the lien on the plaintiff's home.

37. WHEREFORE, plaintiffs demand that this Honorable Court declare the mortgage invalid, release the recorded mortgage lien and declare the associated loan unenforceable in accordance with Massachusetts law.

COUNT FOUR: VIOLATION OF REAL ESTATE SETTLEMENT PRACTICES ACT

38. The plaintiffs repeat and reallage their allegations as made in paragraphs 1 through 31 above.

39. Defendants Daniel J. Nigro, Esq., and Ameriquest Mortgage Company violated the Real Estate Settlement Procedures Act, 12 USC 2601 through 12 USC 2617, by failing to provide an accurate Uniform Settlement Statement as required by 12 USC 2603.

40. Defendant Daniel J. Nigro, Esq., also failed to allow the One Week Cancellation Period guaranteed by Defendant Ameriquest Mortgage Company in Massachusetts.

41. WHEREFORE, the plaintiffs pray for relief in the amount of their actual damages plus the $1,000.00 allowed by 12 USC 2605, together with their fair and reasonable costs of maintaining this action including their attorney fees.

COUNT FIVE: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

42. The plaintiffs repeat and reallege their allegations made in paragraphs 1 through 34 above.

43. Defendant Ameriquest Mortgage Company has filed an action in the Land Court asserting a right to foreclose upon the property of the plaintiffs.

44. Defendant Ameriquest Mortgage Company refused to accept the November, 2005, mortgage payment, on the basis that it would not satisfy the arrearage asserted in Paragraph 18 above.

45. In fact the defendant Ameriquest Mortgage Company owed the plaintiffs more than the amount of the asserted arrearage, because the plaintiffs had not been paid the full amount owed by the defendants after the settlement of the home mortgage loan set out in Paragraph 3 above.

46. Defendant Ameriquest Mortgage Company misrepresented the status of the plaintiffs' account with them and refused to accept any proffered payment until the plaintiffs sought protection of the United States Bankruptcy Court.

47. Defendant Ameriquest Mortgage Company threatened and proceeded to take steps to gain title to the plaintiffs' home by foreclosure when had they not misrepresented the status of the plaintiff's account they would not have had color of right to attempt to take their property.

48. The above actions set forth in Paragraphs 18 throught 22 above constitute unfair debt collection practices within the meaning of 15 USC 1692e et seq.

49. WHEREFORE, the plaintiffs demand judgment be awarded them as against defendant Ameriquest Mortgage Company in the amount of their expenses in maintaining the bankruptcy petition to protect their home against foreclosure, the $1,000 in exemplars allowed by 15 USC 1692k, and their fair and reasonable attorney fees incurred in connection with the unfair debt collection practices of the defendant Ameriquest Mortgage Company.

COUNT SIX: VIOLATION OF THE FAIR CREDIT REPORTING PRACTICES ACT BY DEFENDANT AMERIQUEST MORTGAGE COMPANY

50. The plaintiffs repeat and reallege their allegations made in paragraphs 1 through 42 above.

51. Defendant Ameriquest Mortgage Company indicated, on or about July 1, 2005, that the plaintiffs owed $1,681, more or less, to them as an amount past due to be paid to them. See Exhibit 9.

52. In fact the defendant Ameriquest Mortgage Company owed the plaintiffs more than the amount of the asserted arrearage, because the plaintiffs had not been paid the full amount owed by the defendants after the settlement of the home mortgage loan set out in Paragraph 23 above.

53. Plaintiffs James G. Malloy and Donna M. Malloy were unable to obtain further credit, even after the mistake set out above regarding the error in listing James G. Malloy as having filed for bankruptcy protection was corrected, because of the incorrect credit listing reported by defendant Ameriquest Mortgage Company.

54. The above actions set forth in Paragraphs 18 through 22 above constitute violations of the fair credit reporting practices within the meaning of 15 USC 1692e et seq.

55. WHEREFORE, the plaintiffs demand judgment be awarded them as against defendant Ameriquest Mortgage Company in the amount of their expenses in maintaining the bankruptcy petition to protect their home against foreclosure, the $1,000 in exemplars allowed by 15 USC 1692k, and their fair and reasonable attorney fees incurred in connection with the unfair debt collection practices of the defendant Ameriquest Mortgage Company.

COUNT SEVEN: UNFAIR HOME LOAN PRACTICES

56. G. L. ch. 183C, § 2 (set out below) defines "high cost home mortgage loan" to include a loan with points and fees in excess of five percent of the value of the loan, where that five percent exceeds $400.00.

57. The loan amount for the loan which defendant Ameriquest Mortgage Company seeks to foreclose on is $162,000, five percent of which is $8,100.00.

58. The total of fees charged by the plaintiff for the loan foreclosed on, not including fees typically paid to unaffiliated entities, is $7,677.54. There is additionally another $1,050.00 listed on the "Itemization of Settlement Charges" which is not specifically paid to an agent not closely affiliated with the plaintiff. Per G. L. ch. 183C, § 2, the maximum prepayment penalty set out in the "Adjustable Rate Note" is six months' interest, or 162,000 times .0799 divided by 12 and then multiplied by 6, which equals $6,471.9. These points and fees tally between $14,149.44 and $15,199.44.

59. Since the points and fees associated with this loan exceed $8,100.00, this is a loan as defined in 209 CMR 32.32(1)(b) (Effective 10/1/02).

60. G. L. ch. 183C, § 3 requires a lender to obtain certification that the borrower has completed counseling on the advisability of the loan transaction before.

61. Since no certification of borrower counseling was ever obtained, and indeed no such counseling was ever performed, the actions of defendant Ameriquest Mortgage Company are an unfair high cost home loan practice as defined in 209 CMR 32.34(2)(a).

62. Defendant Ameriquest Mortgage Company has now sought to gain title to the plaintiff's home through foreclosure on this loan made after their unfair high cost home loan practices.

63. WHERFORE, the plaintiffs pray that defendant Ameriquest Mortgage Company be restrained from taking fee simple the mortgage given them as a result of their illegal

and unfair business practices, in any Court or state or local governmental office within this Commonwealth, both during the pendancy of this litigation and after final judgment.

COUNT SEVEN: VIOLATION OF GENERAL LAWS CHAPTER 93A

64. Plaintiffs James G. Malloy and Donna M. Malloy are consumers as defined in 209 CMR 32.02.

65. Defendants Ameriquest Mortgage Company and Daniel J. Nigro, Esq., are merchants in the business of offering and performing home loan transactions.

66. Through the unreasonable actions of defendants Ameriquest Mortgage Company and Daniel J. Nigro, Esq., Plaintiffs James G. Malloy and Donna M. Malloy have been forced to take legal action to defend their rights and have suffered sundry damages as set out above and to be proven in this case.

67. General Laws ch. 93A provides that a consumer may recover treble damages and attorney fees for willful misconduct and unreasonable treatment on the part of a merchant of goods or services.

68. WHEREFORE, Plaintiffs James G. Malloy and Donna M. Malloy demand that the relief granted them in this case be multiplied by a factor of three, for their reasonable attorney fees incurred in this suit and for any other relief which this Honorable Court should deem just and proper.

Respectfully submitted this 14th day of November, 2005.

> James G. Malloy and Donna M. Malloy,
> by their attorney
>
> *[signature]*
> Laird J. Heal, BBO # 553901
> 3 Clinton Road, P. O. Box 1425
> Sterling, MA 01564
> (978) 422-0135

Exhibit Index

1. Deed granted to James G. Malloy and Donna M. Malloy of property 73 Lowell St., Methuen, MA 01844. 1 p.

2. Documents related to Bankruptcy of parties' son, James E. Malloy. 5 pp.

3. Credit Report dated 11/17/2004. 10 pp.

4. Application for Search of Bankruptcy Records. 1 p.

5. Investigation Results from TransUnion. 1 p.

6. Available Documents from Ameriquest provided at closing. 6 pp.

7. Check from Daniel J. Nigro. 4 pp.

8. Mastercard Statement. 1 p.

9. Credit Report 7/26/2005. 9 pp.

BK 5446 PG 38

## Deed

I, Velma C. Lebel, f/k/a Velma C. Lacasse

of Notre Dame Dulac, Quebec, Canada

in consideration paid of Eighty Five Thousand and 00/100 Dollars ($85,000.00)

grant to James G. Malloy and Donna M. Malloy, husband and wife as tenants by the entirety
of 73 Lowell Street, Methuen, MA 01844

with **QUITCLAIM COVENANTS**

the land in two ajoining lots of land with the buildings thereon situate between Lowell and Baker Streets in Methuen, bounded and described as follows, namely:

(1) Beginning at the east corner of the premises by Lowell Street on land formerly of J.A. Richardson and sixty-nine (69) feet southwest of land formerly of E. Johnson; thence southwest by Lowell Street forty (40) feet to a stake; thence northwest fifty (50) feet to a stake by the second tract; thence northeast forty (40) feet; thence south 44½ east fifty (50) feet to the point of beginning. Subject to whatever rights J.A. Richardson may have to use a well on the premises but not hereby imposing the same anew.

(2) Beginning at the northwest corner of Barker Street at a fence by land now or late of J.A. Richarson; thence running seventy (70) feet by said Baker Street; thence northeast about sixty-five (65) feet by land now or late of said Richardson and by the first tract to a fence; thence northwest forty-three (43) feet to another fence; thence west about thirty-six (36) feet by said fence to the point of beginning.

Being the same premises conveyed to the Grantor herein by deed of George T. Andrew and Joyce Andrew dated November 15, 1978 and recorded with the Essex North District Registry of Deeds at Book 1357, Page 250. Edward Lacasse died on June 7, 1994.

Executed as a sealed instrument this 23rd day of March, 1999.

MAY 28 '99 AM 10:56

_Velma C. Lebel_
Velma C. Lebel, f/k/a Velma C. Lacasse

Essex Registry of Deeds
North District

### Commonwealth of Massachusetts,    Essex, ss:

On this 23rd day of March, 1999, before me personally appeared Velma C. Lebel, f/k/a Velma C. Lacasse, to me known to be the person(s) described in and who executed the forgoing instrument, and acknowledged that she executed the same as her free act and deed.

Massachusetts Deed Excise Stamp _Cheryl Robinson_ ............... (Seal)
in sum of $ 399.00                                                —Notary Public
affixed and cancelled on this     My Commission Expires: August 5, 1999
instrument.

Return to: James G. Malloy
          73 Lowell St
          Methuen, MA 01844

**COPY**

**Susan Grossberg**
**Attorney at Law**
(617) 357-5555
(617) 350-7775 - Fax

Mailing Address:
P.O. Box 673
Melrose, MA 02176
E-mail: Grossberg@AA-Attorneys.com

Office:
101 Tremont Street
Suite 1100
Boston, MA 02108

August 20, 2004

<u>**VIA FAX & FIRST CLASS MAIL**</u>

Household Mortgage Services
P O Box 2369
Brandon, FL 33509

Re:   Household A/C No. 0008586521

To Whom It may Concern:

I represent James E. Malloy in his Chapter 7 Bankruptcy Case No. 04-42535. Please note that the enclosed Reaffirmation Agreement was sent to my office in error. The Note and Mortgage referenced therein were not executed by my client, James E. Malloy, but were entered into by his father, James G. Malloy. Both my client and his father reside at the mortgaged property, however it is clear from the social security number listed on the Bankruptcy Court notice that your borrower did not file this bankruptcy. Please correct your records to reflect same.

Should you have any questions, please do not hesitate to contact me. Thank you.

Very truly yours,

Susan Grossberg

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/03)     Case Number 04-42535-hjb

# UNITED STATES BANKRUPTCY COURT
## District of Massachusetts

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 5/4/04.

You may be a creditor of the debtor. This notice lists important deadlines. You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office is prohibited from giving legal advice.

### See Reverse Side For Important Explanations.

Debtor(s) (name(s) and address):
James E. Malloy
73 Lowell Street
Methuen, MA 01844

| Case Number: | Social Security/Taxpayer ID Nos.: |
|---|---|
| 04-42535 | 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 |
| Attorney for Debtor(s) (name and address): | Bankruptcy Trustee (name and address): |
| Susan Grossberg | John A. Burdick |
| PO Box 673 | 340 Main Street |
| Melrose, MA 02176 | Worcester, MA 01608 |
| Telephone number: (617) 357-5555 | Telephone number: 508-752-4633 |

Date: June 9, 2004     Time: 11:00 AM
Location: Worcester U.S. Trustee Office, 446 Main Street, 1st Floor, Worcester, MA 01608

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts: 8/9/04**

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

| Address of the Bankruptcy Clerk's Office: | |
|---|---|
| U.S. Bankruptcy Court | Clerk of the Bankruptcy Court: |
| 595 Main Street | James M. Lynch |
| Worcester, MA 01608 | |
| Telephone number: 508-770-8900 | |
| Hours Open: Monday – Friday 8:30 AM – 5:00 PM | Date: 5/11/04 |
| On-Line: www.mab.uscourts.gov | |

## REAFFIRMATION AGREEMENT

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF MASSACHUSETTS

Debtor's Name:  
JAMES G MALLOY

Bankruptcy Case No: 04-42535

Chapter: 7

Creditor's Name and Address:  
HOUSEHOLD MORTGAGE SERVICES  
636 Grand Regency Boulevard  
Brandon, FL  33510

Account No: 0008586521

Lien Position: 1ST

Instructions:  1) Attach a copy of all court judgments, security agreements, and evidence of their perfection.
2) File all the documents by mailing them or delivering them to the Clerk of the Bankruptcy Court.

## NOTICE TO DEBTOR:

This agreement <u>gives up the protection of your bankruptcy discharge</u> for this debt.

<u>As a result of this agreement, the creditor may be able to take your property</u> if you do not pay the agreed amounts.  The creditor may also act to collect the debt in other ways.

<u>You may rescind (cancel) this agreement at any time before the bankruptcy court enters a discharge order or within 60 days after this agreement is filed with the court, whichever is later,</u> by notifying the creditor that the agreement is canceled.

<u>You are not required to enter into this agreement by any law</u>.  It is not required by the Bankruptcy Code, by any other law, or by any contract (except another reaffirmation agreement made in accordance with Bankruptcy Code § 524(c)).

<u>You are allowed to pay this debt without signing this agreement</u>.  However, if you do not sign this agreement and are later unwilling or unable to pay the full amount, the creditor will not be able to collect it from you.  The creditor also will not be allowed to take your property to pay the debt unless the creditor has a lien on that property.

If the creditor has a lien on your personal property, you may have a right to <u>redeem</u> the property and eliminate the lien by making a single payment to the creditor equal to the current value of the property, as agreed by the parties or determined by the court.

This agreement is not valid or binding unless it is filed with clerk of the bankruptcy court.  If you were not represented by an attorney during the negotiation of this reaffirmation agreement, the agreement cannot be enforced by the creditor unless; 1) you have attended a reaffirmation hearing in the bankruptcy court, and 2) the agreement has been approved by the bankruptcy court. (Court approval is not required if this is a consumer debt secured by a mortgage or other lien on your real estate.)

## REAFFIRMATION AGREEMENT

The debtor and creditor named above agree to reaffirm the debt described in this agreement as follows:

## THE DEBT

| | |
|---|---|
| Total Amount of Debt When Case was Filed | $ 134668.64 |
| Total Amount of Debt Reaffirmed | $ 134668.64 |

Above total includes the following:

| | |
|---|---|
| Late Fees | $.00 |
| Annual Percentage Rate (APR) | 7.25% |
| Amount of Monthly Payment | $ 920.93  P&I |
| Date Payments Start | 08/01/04 |
| Total Number of Payments to be made | 360 |
| Date Any Lien Is to Be Released if paid according to schedule | 04/2034 |

The debtor agrees that any and all remedies available to the creditor under the security agreement remain available.

All additional Terms Agreed to by the Parties (if any):

_____

_____

Payments on this debt [were][were not] in default on the date on which this bankruptcy case was filed.

This agreement differs from the original agreement with the creditor as follows:

_____

_____

**Property Address:**
73 LOWELL ST
METHUEN       MA  01844

Check Applicable Boxes:

[X] Any lien described herein is valid and perfected.

[ ] This agreement is part of a settlement of a dispute regarding the dischargeability of this debt under section 523 of the Bankruptcy Code (11 U.S.C. § 523) or any other dispute. The nature of dispute is

## DEBTOR'S STATEMENT OF
## EFFECT OF AGREEMENT ON DEBTOR'S FINANCES

My Monthly Income (take home pay plus any other income received) is $_____.

My current monthly expenses total $_____, not including any payment due under this agreement or any debt to be discharged in this bankruptcy case.

I believe this agreement [will][will not] impose an undue hardship on me or my dependents.

## DEBTOR'S STATEMENT CONCERNING DECISION TO REAFFIRM

I agreed to reaffirm this debt because_____

_____

I believe this agreement is in my best interest because_____

_____

I [considered][did not consider] redeeming the collateral under section 722 of the Bankruptcy Code (11 U.S.C. § 722). I chose not to redeem because_____

_____

I [was][was not] represented by an attorney during negotiations on this agreement.

## CERTIFICATION OF ATTACHMENTS

Any documents which created and perfected the security interest or lien are not attached. The documents which created and perfected the security interest or lien are not attached because imaged collateral documents are available upon request.

## SIGNATURES

_____        _____
(Signature of Debtor)                                   (Name of Creditor)

Date_____
                                                        HOUSEHOLD MORTGAGE SERVICES

_____        Date_____
(Signature of Joint Debtor)

Date_____

## CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

I hereby certify that 1) this agreement represents a fully informed and voluntary agreement by the debtor(s); 2) this agreement does not impose a hardship on the debtor or any dependent of the debtor' and 3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

_____        _____
(Signature of Debtor's Attorney, if any)                          Date

Form B240 (3/99)

```
*** 130913865-003 ***                    YOUR TRANSUNION FILE NUMBER: 130913865
P.O. Box 2000                            PAGE  1 OF 10
Chester, PA 19022                        DATE THIS REPORT PRINTED: 11/17/2004

RETURN SERVICE REQUESTED                 SOCIAL SECURITY NUMBER: XXX-XX-5615
                                         BIRTH DATE:             04/1953
                                         YOU HAVE BEEN IN OUR FILES SINCE: 03/1985
                                         PHONE: 258-2687
```

CONSUMER REPORT FOR:

```
*****
MALLOY, JAMES, G
73 LOWELL ST
METHUEN, MA 01844
```

FORMER ADDRESSES REPORTED:

```
50 BENEFIT ST, METHUEN, MA 01844
354 NEWTON ST, LAWRENCE, MA 01843
```

EMPLOYMENT DATA REPORTED:

```
CITY OF LAWRENCE SCHOOL DEPT        LWRNCE DEPT SCH SPTY
POSITION: SECURITY OFFICER          DATE REPORTED: 08/1998
DATE REPORTED: 05/1999
```

---

### INVESTIGATION RESULTS

WE HAVE COMPLETED OUR REINVESTIGATION AND THE RESULTS ARE SHOWN BELOW.

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| CHAPTER 7 BANKRUPTCY DISCHARGED | DOCKET #442535 | NEW INFORMATION BELOW |

ANY CORRECTIONS TO YOUR IDENTIFICATION REQUESTED BY YOU HAVE BEEN MADE AS NOTED ABOVE. YOUR UPDATED CREDIT INFORMATION FOLLOWS.

---

SPECIAL NOTES: YOUR SOCIAL SECURITY NUMBER HAS BEEN MASKED FOR YOUR PROTECTION. YOU MAY REQUEST DISCLOSURE OF THE FULL NUMBER BY WRITING TO US AT THE ADDRESS FOUND AT THE END OF THIS REPORT. ALSO, ANY ITEM ON YOUR CREDIT REPORT THAT BEGINS WITH 'MED1' INDICATES MEDICAL INFORMATION. THE DATA FOLLOWING THIS WORD IS NOT DISPLAYED TO ANYONE BUT YOU EXCEPT WHERE PERMITTED BY LAW.

### YOUR CREDIT INFORMATION

```
REPORT ON MALLOY, JAMES, G                                      PAGE  2 OF 10
SOCIAL SECURITY NUMBER: XXX-XX-5615      TRANSUNION FILE NUMBER: 130913865
```

THE FOLLOWING ITEMS OBTAINED FROM PUBLIC RECORDS APPEAR ON YOUR REPORT. YOU MAY
BE REQUIRED TO EXPLAIN PUBLIC RECORD ITEMS TO POTENTIAL CREDITORS. ANY BANK-
RUPTCY INFORMATION WILL REMAIN ON YOUR REPORT FOR 10 YEARS FROM THE DATE OF
FILING. UNPAID TAX LIENS MAY GENERALLY BE REPORTED FOR AN INDEFINITE PERIOD OF
TIME DEPENDING ON YOUR STATE OF RESIDENCE. PAID TAX LIENS MAY BE REPORTED FOR
7 YEARS FROM DATE OF PAYMENT. ALL OTHER PUBLIC RECORD INFORMATION, INCLUDING
DISCHARGED CHAPTER 13 BANKRUPTCY AND ANY ACCOUNTS CONTAINING ADVERSE
INFORMATION, REMAIN FOR UP TO 7 YEARS.

```
MASSACHUSETTES FEDERAL C  PH#: (508) 793-0518
595 MAIN STREET, , WORCESTER, MA  01608
DOCKET #442535       U.S. BANKRUPTCY COURT  CHAPTER 7 BANKRUPTCY DISCHARGED
PLAINTIFF ATTORNEY: SUSAN GROSSBERG              ENTERED:  05/2004
                                 ASSETS:     $0  PAID:     08/2004
                                                 LIAB:           $0
```

THE FOLLOWING ACCOUNTS CONTAIN INFORMATION WHICH SOME CREDITORS MAY CONSIDER TO
BE ADVERSE. ADVERSE ACCOUNT INFORMATION MAY GENERALLY BE REPORTED FOR 7 YEARS
FROM THE DATE OF THE FIRST DELINQUENCY, DEPENDING ON YOUR STATE OF RESIDENCE.
THE ADVERSE INFORMATION IN THESE ACCOUNTS HAS BEEN PRINTED IN >BRACKETS< FOR
YOUR CONVENIENCE, TO HELP YOU UNDERSTAND YOUR REPORT. THEY ARE NOT BRACKETED
THIS WAY FOR CREDITORS. (NOTE: THE ACCOUNT # MAY BE SCRAMBLED BY THE CREDITOR
FOR YOUR PROTECTION).

```
CROSS COUNTRY BANK  PH#: NOT AVAILABLE
4700 EXCHANGE COURT, BOCA RATON, FL 33431-0966
ACCT# 4227097246332337                   REVOLVING ACCOUNT
PURCHASED BY ANOTHER LENDER              CREDIT CARD
   UPDATED  08/2003  BALANCE:       $0   INDIVIDUAL ACCOUNT
   OPENED   08/1998  MOST OWED:  $1732   CREDIT LIMIT:     $1300
   PAID OFF 04/2000
   >STATUS AS OF 08/2003: CHARGED OFF AS BAD DEBT<

CROSS COUNTRY BANK  PH#: (302) 322-9111
4700 EXCHANGE COURT, BOCA RATON, FL 33431-0966
ACCT# 5414907094028664                   REVOLVING ACCOUNT
>PROFIT AND LOSS WRITEOFF<               CREDIT CARD
   UPDATED  07/2000  BALANCE:     $980   INDIVIDUAL ACCOUNT
   OPENED   06/1999  MOST OWED:   $980   CREDIT LIMIT:      $500
   CLOSED   06/2000  >PAST DUE:   $250<
   >STATUS AS OF 07/2000: CHARGED OFF AS BAD DEBT<

STERLING BANK & TRUST  PH#: (800) 650-5929
PO BOX 1170, ROYAL OAK, MI 48068-1170
ACCT# 5453151004068492                   REVOLVING ACCOUNT
>PAID PROFIT AND LOSS<                   SECURED CREDIT CARD
   UPDATED  10/2004  BALANCE:       $0   INDIVIDUAL ACCOUNT
   OPENED   03/1998  MOST OWED:   $759   CREDIT LIMIT:      $500
   PAID OFF 04/2004
   >STATUS AS OF 10/2004: PAYMENT AFTER CHARGE OFF/COLLECTION<
```

```
REPORT ON MALLOY, JAMES, G                                      PAGE  3 OF 10
SOCIAL SECURITY NUMBER: XXX-XX-5615     TRANSUNION FILE NUMBER:  130913865


HOUSEHOLD  PH#: (800) 917-7587
12447 SW 69TH AVE, TIGARD, OR 97223
ACCT# 5414440304065284                       REVOLVING ACCOUNT
ACCT CLOSED BY CREDIT GRANTOR                CREDIT CARD
    UPDATED  10/2004   BALANCE:      $998    INDIVIDUAL ACCOUNT
    OPENED   08/1998   MOST OWED:    $998    PAY TERMS:  MINIMUM $30
    CLOSED   10/2004  >PAST DUE:     $53<    CREDIT LIMIT:      $900
   >STATUS AS OF 10/2004: 30 DAYS PAST DUE<
    IN PRIOR 48 MONTHS FROM LAST UPDATE NEVER LATE

FORD MOTOR CREDIT  PH#: (800) 727-7000
PO BOX 542000, OMAHA, NE 68154-8000
ACCT# 20895348                               INSTALLMENT ACCOUNT
CLOSED                                       AUTOMOBILE
    UPDATED  03/2003   BALANCE:        $0    JOINT ACCOUNT
    OPENED   07/1999   MOST OWED:    $8267   PAY TERMS:  58 MONTHLY $228
    CLOSED   03/2003
   >STATUS AS OF 03/2003: 30 DAYS PAST DUE<
   >IN PRIOR 42 MONTHS FROM LAST UPDATE  8 TIMES 30 DAYS LATE<

FORD MOTOR CREDIT  PH#: (800) 727-7000
PO BOX 542000, OMAHA, NE 68154-8000
ACCT# 17178060                               INSTALLMENT ACCOUNT
CLOSED                                       AUTOMOBILE
    UPDATED  03/2003   BALANCE:        $0    INDIVIDUAL ACCOUNT
    OPENED   06/1998   MOST OWED:   $13692   PAY TERMS: 64 MONTHLY $377
    CLOSED   03/2003
   >STATUS AS OF 03/2003: 30 DAYS PAST DUE<
   >IN PRIOR 56 MONTHS FROM LAST UPDATE  1 TIME  60 DAYS,
    8 TIMES 30 DAYS LATE<

FTB MORTGAGE  PH#: NOT AVAILABLE
PO BOX 630148, IRVING, TX 75063-0113
ACCT# 4810016844177                          MORTGAGE ACCOUNT
CLOSED                                       VA REAL ESTATE MORTGAGE
    UPDATED  02/2003   BALANCE:        $0    JOINT ACCOUNT
    OPENED   05/1999   MOST OWED:   $89250   PAY TERMS: 360 MONTHLY $863
    CLOSED   02/2003
   >STATUS AS OF 02/2003: 30 DAYS PAST DUE<
   >IN PRIOR 45 MONTHS FROM LAST UPDATE  1 TIME 30 DAYS LATE<

FIRST SAVINGS CREDT CARD  PH#: (605) 782-3432
500 E 60TH ST N, SIOUX FALLS, SD 57104-0478
ACCT# 5433601100787648                       REVOLVING ACCOUNT
                                             CREDIT CARD
    UPDATED  11/2004   BALANCE:        $6    INDIVIDUAL ACCOUNT
    OPENED   02/2002   MOST OWED:     $539   PAY TERMS:  MINIMUM $6
                                             CREDIT LIMIT:      $500
    STATUS AS OF 11/2004: PAID OR PAYING AS AGREED
   >IN PRIOR 33 MONTHS FROM LAST UPDATE  1 TIME 30 DAYS LATE<
```

```
REPORT ON MALLOY, JAMES, G                                         PAGE  4 OF 10
SOCIAL SECURITY NUMBER: XXX-XX-5615    TRANSUNION FILE NUMBER:  130913865


METRIS COMPANIES   PH#: NOT AVAILABLE
N 16430 SCOTTSDALE, SCOTTSDALE, AZ 85254
ACCT# 5458004678049741                      REVOLVING ACCOUNT
                                            CREDIT CARD
    UPDATED  10/2004   BALANCE:      $2603  JOINT ACCOUNT
    OPENED   07/2002   MOST OWED:    $2987  PAY TERMS: MINIMUM $66
                                            CREDIT LIMIT:    $2500
    STATUS AS OF 10/2004: PAID OR PAYING AS AGREED
    >IN PRIOR 27 MONTHS FROM LAST UPDATE  1 TIME 30 DAYS LATE<


THE FOLLOWING ACCOUNTS ARE REPORTED WITH NO ADVERSE INFORMATION

PROVIDIAN  PH#: NOT AVAILABLE
PO BOX 660490, DALLAS, TX 75266-0490
ACCT# 4479472000641022                      REVOLVING ACCOUNT
                                            SECURED CREDIT CARD
    UPDATED  11/2004   BALANCE:       $575  INDIVIDUAL ACCOUNT
    OPENED   03/2001   MOST OWED:     $575  PAY TERMS: MINIMUM $18
                                            CREDIT LIMIT:     $400
    STATUS AS OF 11/2004: PAID OR PAYING AS AGREED
    IN PRIOR 43 MONTHS FROM LAST UPDATE NEVER LATE

BLAIR CORPORATION  PH#: NOT AVAILABLE
220 HICKORY ST, WARREN, PA 16365
ACCT# 794521972                             REVOLVING ACCOUNT
                                            CHARGE ACCOUNT
    UPDATED  11/2004   BALANCE:         $0  INDIVIDUAL ACCOUNT
    OPENED   12/2002   MOST OWED:       $0  CREDIT LIMIT:     $100
    PAID OFF 09/2003
    STATUS AS OF 11/2004: PAID OR PAYING AS AGREED
    IN PRIOR 22 MONTHS FROM LAST UPDATE NEVER LATE

CAPITAL ONE FSB  PH#: (800) 955-7070
11013 W BROAD ST, GLEN ALLEN, VA 23060-5937
ACCT# 5178052098674266                      REVOLVING ACCOUNT
                                            CREDIT CARD
    UPDATED  10/2004   BALANCE:       $536  INDIVIDUAL ACCOUNT
    OPENED   12/2001   MOST OWED:     $604  PAY TERMS: MINIMUM $31
    STATUS AS OF 10/2004: PAID OR PAYING AS AGREED
    IN PRIOR 35 MONTHS FROM LAST UPDATE NEVER LATE

AMERIQUEST MORTGAGE CO  PH#: (800) 430-5262
505 CITY PKWY W, ORANGE, CA 92868-2924
ACCT# 6740074371261                         MORTGAGE ACCOUNT
TRANSFERRED TO ANOTHER LENDER               CONVENTIONAL REAL ESTATE MTG
    UPDATED  08/2004   BALANCE:         $0  INDIVIDUAL ACCOUNT
    OPENED   03/2004   MOST OWED:  $135000  PAY TERMS: 360 MONTHLY $1131
    CLOSED   08/2004
    STATUS AS OF 08/2004: PAID OR PAYING AS AGREED
    IN PRIOR  3 MONTHS FROM LAST UPDATE NEVER LATE


                                                   11180400000208 4/14  DT
```